# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Uber Technologies Inc. 1455 Market San Francisco, CA 94103 (Jose Alexis<br>billsjoserojas@gmail.com; +1 | Case No. 26mj7086 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the Southern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC Sec. 952 and 960 | Importation of a Controlled Substance |
| 21 USC Sec. 963 | Conspiracy to Import |

The application is based on these facts:

See Attached Affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of ______ days *(give exact ending date if more than 30 days:* ______ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Christian Chambers, HSI Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: November 25, 2026

*Judge's signature*

City and state: San Diego, California

Hon. Allison H. Goddard, United States Magistrate Judge

*Printed name and title*

## AFFIDAVIT

I, Special Agent Christian Chambers, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following account:

> Uber Technologies Inc.
> 1455 Market Street, 4th Floor, San Francisco, CA 94103
> Accounts associated with Jose Alexis ROJAS Palomera; +1 619-210-6677; billsjoserojas@gmail.com
> (“**Target Account**”)

2. This affidavit is submitted in support of an application for a search warrant for the account specifically described in Attachment A of this Affidavit, which is incorporated fully herein by reference, including the entire property located at UBER TECHNOLOGIES, INC., 1455 MARKET STREET, 4TH FLOOR, SAN FRANCISCO, CA 94103 (PROVIDER) pertaining to the account associated with Jose Alexis ROJAS Palomero and/or billsjoserojas@gmail.com, and/or 1 619-210-6677 (SUBJECT ACCOUNT), for contraband and evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 952, 960, and 963 which items are more specifically described in Attachment B of this Affidavit., which is incorporated fully herein by reference.

3. The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Account**, it does not contain all the information known by me or other agents regarding this investigation. All dates and times described are approximate.

## BACKGROUND

4. I have been employed as a Special Agent with Homeland Security Investigations (HSI) since September of 2024. I am currently assigned to the HSI Office

of the Deputy Special Agent in Charge, in San Ysidro, California. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia.

5. During my tenure with HSI, I have participated in the investigation of various narcotics trafficking organizations involved in the importation and distribution of controlled substances into and through the Southern District of California. Through my training, experience, and conversations with other law enforcement officers experienced in narcotics trafficking investigations, I have gained a working knowledge of the operational habits of narcotics traffickers, in particular those who attempt to import narcotics into the United States from Mexico at Ports of Entry.

6. Uber Technologies, Inc. (Uber), headquartered in San Francisco, California, offers vehicles for hire, food delivery, package delivery, couriers, and freight transportation. Uber's core service is developing technology that connects drivers and riders on demand.

7. Users must download the Uber application where they can sign up for an account utilizing their phone number or with social applications, such as Facebook, Google, or Apple. After inputting a phone number, Uber sends the user a four-digit verification code via short message service (SMS) to the phone number provided. The user then must input their email address. Uber sends a verification email to the email address provided. The Uber application then prompts for the user to create an account password. Users are then asked to input their first and last name. Uber then asks the user to "check the box to indicate you are at least 18 years of age, agree to the Terms of Use and acknowledge the Privacy Notice" (Uber provides hyperlinks for the Terms of Use and Privacy Notice). Users can then set up their preferred payment method including the following options: credit or debit card, commuter benefits, PayPal, gift card. Users can also choose to skip selecting a preferred payment method which prompts the user that "you won't be able to request a ride without adding a payment method."

8. I know that Uber Technologies, Inc. maintains records on their users, such as basic subscriber information within the meaning of 18 U.S.C. § 2703(c)(2). Furthermore,

your Affiant knows that Uber Technologies, Inc. keeps and maintains the stored content of their users account, such as device information, vehicle information, billing information, trip information, location information, other user profile information, driver profile information, communications information, customer service records, other business records, and information associated with other Uber services within the meaning of the Stored Communication Act. Once the records are received, government investigators will look through the records and copy those files that are particularized in Attachment B.

**FACTS SUPPORTING PROBABLE CAUSE**

9. On August 4, 2026, at approximately 9:00 AM, Jose Alexis ROJAS Palomera, ("ROJAS"), a United States citizen, applied for entry into the United States from Mexico through the San Ysidro POE in vehicle lane #20. ROJAS was the driver, sole occupant, and registered owner of a 2021 Volkswagen Jetta ("the vehicle") bearing California license plates.

10. During primary inspection A Customs and Border Protection Officer ("CBPO") performed an inspection of the trunk of the vehicle. Under the carpet of the trunk the CBPO observed rectangular packages wrapped in clear plastic. The CBPO then received two negative Customs declarations from ROJAS. ROJAS stated he was crossing the border to go to San Diego, California to drive Uber. The vehicle was referred for further inspection.

11. A Canine Enforcement Team was conducting secondary inspection operations when the Human and Narcotic Detection Dog alerted to the trunk of the vehicle.

12. Further inspection of the vehicle resulted in the discovery of 64 total packages concealed in the trunk, quarter panels and center console of the vehicle. 29 of the packages contained a substance, a sample of which field tested positive for the characteristics of fentanyl, with a total approximate weight of 31.9 kgs (70.33 lbs.); 12 of the packages contained a substance, a sample of which field tested positive for the characteristics of cocaine, with a total approximate weight of 13.54 kgs (29.85 lbs.); 23 of the packages

contained a substance, a sample of which field tested positive for the characteristics of methamphetamine, with a total approximate weight of 11.12 kgs (24.52 lbs.).

13. ROJAS was placed under arrest at approximately 3:00 pm.

14. ROJAS was arrested and charged with a violation of Title 21, United States Code, 952 and 960, importation of a controlled substance.

15. On or about September 1, 2026, Special Agent Chambers served a DHS subpoena on Uber for information pertaining to ROJAS' account.

16. On or about September 8, 2026, Uber responded with the following information:

a. Legal Name: JOSE ALEXIS ROJAS PALOMERA
b. Display Name (may not match Legal Name): JOSE ROJAS PALOMERA
c. Phone number: +1 6192106677
d. Email address: billsjoserojas@gmail.com
e. Account status: Active

17. Based on my training and experience and the training and experience of other officers, your Affiant is aware Uber Technologies, Inc. maintains records of transactions including records of pickup and drop off locations including the date and time of the fare and the address or global positioning system (GPS) coordinates of the locations. Additional location information is derived from nearby Wi-Fi access points. Additionally, Uber users have the ability to share a trip and/or split or divide the resulting fare. This means there may be multiple passengers in a single vehicle who may, or may not, divide the fare between them. Your Affiant believes this information would assist in identifying the location of narcotics trafficking activity, including the geographical locations of suspected traffickers, distributors, co-conspirators, stash houses, and related drug distribution sites.

18. Based on my training and experience and the training and experience of other officers, your Affiant is aware Uber Technologies, Inc. maintains device identifiers and information including the unique serial number(s) assigned to a mobile device, Internet

Protocol (IP) addresses, phone number, operating system type, and manufacturer and model. Your Affiant knows an IP address is roughly analogous to a telephone number and can identify the Internet Service Provider (ISP). Subsequent legal demands, in the form of a search warrant, court order, or subpoena, to the ISP can resolve an IP address to a specific customer and/or location. Your Affiant believes the identifying data will show the suspect(s) used, possessed, and/or had dominion and control over one or more mobile devices used to facilitate narcotics trafficking activities, including the transportation, distribution, and coordination of controlled substances.

19. Based upon my training and experience, it is also not unusual for individuals, such as Defendant, to attempt to minimize the amount of time they were involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim.

20. Further, in my training and experience, drug traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. It is unknown how long ROJAS was involved in importing controlled substances. Coordinators of drug importation events may use the same driver on multiple occasions, and they may have the driver travel back and forth across the border to develop a normal crossing pattern. Based on my review of TECS border crossing records, ROJAS' crossed into the United States using The Vehicle approximately 29 times between June 4, 2026 and August 4, 2026. Accordingly, I request permission to search the **Target Account** for data beginning on June 4, 2026 up to and including August 4, 2026.

21. Based on your Affiant's training and experience, as well as conversations with other agents, and on the evidence your Affiant had reviewed in this investigation, there is probable cause to believe that records relating to narcotics trafficking in Uber Technologies Inc.'s possession associated with the accounts: Jose Alexis ROJAS Palomero and/or billsjoserojas@gmail.com, and/or 1 619-210-6677 (SUBJECT ACCOUNT).

//

//

## METHODOLOGY

11. In order to facilitate seizure by law enforcement of the records and information described in Attachment B, this affidavit and application for a search warrant seeks authorization, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), to permit employees of Uber Technologies, Inc. to assist agents in the execution of this warrant. In executing this warrant, as more fully described in Attachment B, the following procedures will be implemented:

a. The search warrant will be presented to Uber personnel by law enforcement. Uber personnel will be directed to isolate the account and files described in Section II;

b. In order to minimize any disruption of computer service to innocent third parties, Uber employees will create an exact duplicate of the computer accounts and files described in Section II, including an exact duplicate of all information stored in the computer accounts and files described therein;

c. Uber employees will provide the exact duplicate in electronic form of the accounts and files described in Section II and all information stored in those accounts and files to law enforcement who need not be present during the duplication of the files;

d. Law enforcement personnel will thereafter review the information stored in the accounts and files received from the Uber employees and then identify and copy only the information contained in those accounts and files which is authorized to be further copied as described in Section III; and

e. Law enforcement personnel will then seal the original duplicate of the accounts and files received from Uber employees and will not further review the original duplicate absent an order of the Court.

//

//

//

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

22. Law enforcement previously sent a subpoena to Uber. Uber declined to provide the information sought.

## CONCLUSION

23. Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the **Target Account** will yield evidence of Defendant's violations of Title 21, United States Code, Sections 952, 960 and 963. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the account information described in Attachment A, and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Special Agent Christian Chambers
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 25th day of November 2026.

_

Hon. Allison H. Goddard
United States Magistrate Judge

# ATTACHMENT A

## A. PROPERTY TO BE SEARCHED

The following property is to be searched:

Information associated with Jose Alexis ROJAS Palomera and/or billsjoserojas@gmail.com, and/or +1 619-210-6677 (**Target Account**), stored at premises controlled and operated by Uber Technologies Inc., a company that accepts service of legal process at 1455 Market Street, 4th Floor, San Francisco, CA 94103.

## ATTACHMENT B

## B. ITEMS TO BE SEIZED

### I. Search Procedure

1. To ensure that agents search only the accounts described in Attachment A, this search warrant seeks authorization to permit employees of Uber to assist agents in the execution of the warrant. To further ensure that agents executing this warrant search only those accounts described in Attachment A, the following procedures have been implemented:

a. The search warrant will be presented to Uber personnel by law enforcement. Uber personnel will be directed to isolate the account and files described in Section II below;

b. In order to minimize any disruption of computer service to innocent third parties, Uber employees will create an exact duplicate of the computer accounts and files described in Section II, including an exact duplicate of all information stored in the computer accounts and files described therein;

c. Uber employees will provide the exact duplicate in electronic form of the accounts and files described in Section II and all information stored in those accounts and files to law enforcement who need not be present during the duplication of the files;

d. Law enforcement personnel will thereafter review the information stored in the accounts and files received from the Uber employees and then identify and copy only the information contained in those accounts and files which is authorized to be further copied as described in Section III; and

e. Law enforcement personnel will then seal the original duplicate of the accounts and files received from Uber employees and will not further review the original duplicate absent an order of the Court.

2. In the review of information provided pursuant to this warrant by Uber, the government must make reasonable efforts, to the extent required by the Fourth Amendment, to use methods and procedures that will locate and expose those categories of files, documents, or other electronically-stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant or attorney-client privileged files to the extent reasonably practicable.

**II. Information to be Disclosed by Uber**

1. All subscriber information for Jose Alexis ROJAS Palomera and/or billsjoserojas@gmail.com, and/or +1 619-210-6677 (SUBJECT ACCOUNT), including:

a. Basic Subscriber Information;

b. user profile information;

c. usage information; and

d. means and source of payment.

2. The contents of electronic or wire communications associated with the accounts of Jose Alexis ROJAS Palomera and/or billsjoserojas@gmail.comv, and/or +1 619-210-6677 (SUBJECT ACCOUNT) from June 4, 2026 up to and including August 4, 2026, including:

a) Device Information

b) Vehicle Information

(1) license plate data;

(2) make and model;

(3) vehicle insurance;

(4) vehicle registration; and

(5) vehicle identification number (VIN).

c) Billing Information

(1) billing transaction history:

(2) amount;

(3) date and time the transaction was made; and

(4) the payment instrument used.

d) Trip Tickets

(1) breakdown of the amounts charged to the rider for the trip;

(2) the pick-up and drop off times;

(3) the pick-up and drop-off locations (latitude and longitude); and

(4) information about the rider(s) and the driver, including the name, and rating.

e) Location Information

(1) GPS location information.

f) Other User Profile Information

(1) rating(s) (one to five stars);

(2) written feedback/comments; and

(3) profile photograph(s).

(4) times and locations when logging into application.

g) Driver Profile Information

(1) date of birth;

(2) vehicle information; and

(3) driver's license number.

h) Communications Information

(1) Contents of communications sent between users on the app including

(a) to/from information; and

(b) date and time of communication.

i) Other Business Records

(1) driver's license copies.

**III. Information to be Seized**

1. The government seeks to seize all information described in Section II that constitutes fruits, contraband, evidence, or instrumentalities of violations of Title 21,

United States Code, Sections 952, 960 and 963. More specifically, law enforcement seeks to seize:

a. Evidence indicating how and when the Uber account was accessed or used to determine the chronological and geographic context of account access, use, and events related to the crimes under investigation and to the Uber account owner(s);

b. Evidence indicating the Uber account owner's state of mind as it relates to the crimes under investigation;

c. Evidence indicating any Uber trips using the account related to the crimes under investigation and to the Uber account owner(s);

d. Evidence of any communication with any coconspirators of the crimes under investigation and to the Uber account owner(s); and

e. The identity of the person(s) who created or used the Uber account and all information related to the identity of the person controlling the account.